UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

JECCA JECCA,

                Plaintiff,

            -against-

COMMISIONER OF SOCIAL SECURITY,

                Defendant.

MEMORANDUM DECISION
AND ORDER

20 Civ. 5598 (GBD) (BCM)

------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Jecca Jecca brought this action pursuant to the Social Security Act, 42 U.S.C. §§ 405(g), for review of the Commissioner of Social Security's denial of her application for Disability Insurance Benefits. (*See* Compl., ECF No. 1.) The Plaintiff and Commissioner cross-moved for a judgment on the pleadings. (Comm'r Mot. for Judgment on the Pleadings, ECF No. 19; Pl.'s Opp. and Cross Mot. for Judgment on the Pleadings, ECF No. 31.) Before this Court is Magistrate Judge Barbara Moses August 23, 2022 Report and Recommendation, ("Report," ECF No. 33), recommending that Plaintiff's motion be granted; the Commissioner's motion be denied; and the case be remanded for further proceedings. (Report at 1.) No party filed objections. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full and remands the case to the Administrate Law Judge ("ALJ").

    A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with

the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

This case concerns an unusual fact pattern that justifies remand for the reasons stated in Magistrate Judge Moses' Report. The heart of the case concerns medical evidence submitted by Plaintiff to support her claims that were never fully provided in time for the ALJ's decision and disregarded by the Appeals Council. (*See* Report at 3.) As the Report explains, the Social Security Agency (SSA) offered to help Plaintiff to obtain her medical records on numerous occasions. (*See* Report at 4-6.) Plaintiff declined those offers for help and decided to obtain and submit her medical records independently. (*Id.*) This resulted in a scant record on which the Report correctly found left the ALJ no choice but to deny Plaintiff's application for disability benefits, specifically finding that she did not have any severe impairments. (Report at 20 (citing *Santiago Sanchez v. Comm'r of Soc. Sec.*, 2022 WL 3152585, at *8 (S.D.N.Y. Aug. 8, 2022) and *Dione B. v. Comm'r of Soc. Sec.*, 2022 WL 1458594, at *3 (W.D.N.Y. May 9, 2022)).)

However, Plaintiff sought review of the ALJ's decision by the Appeals Council. The record before this Court demonstrates that Plaintiff eventually made efforts to supplement the record and provided full medical records for the Appeals Council review. The Report correctly states that "'[t]he Appeals Council will review a case if . . . [it] receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.'" (Report at 24 (quoting *Graham v. Berryhill*, 397 F. Supp. 3d 541, 556 (S.D.N.Y. 2019).) Plaintiff sought review, in part, on grounds that she had "125 pages [of medical records] which were apparently not fully scanned" on the record for the ALJ to properly review. (Report at 12.)

Magistrate Judge Moses did not err in finding that the Appeals council incorrectly rejected the additional evidence provided by Plaintiff.  As the Report indicates, Plaintiff eventually provided relevant, fulsome medical records that were not in front of the ALJ.  (Report at 25-26.) These were records Plaintiff tried to submit to the ALJ, "but failed to do so either because they went astray while in the hands of the Postal Service or due to evidence handling errors by the staff of the SSA, thus establishing good cause" for the failure to provide these records previously. (Report at 17.)  Magistrate Judge Moses also did not commit a clear error in finding that this new evidence creates a "reasonable probability that these documents would have caused the ALJ to deem Plaintiff's" disability as severe and changed the ALJ's ultimate decision.  (Report at 26.) Because it was not an error to find that the new evidence presents such a reasonable probability of a severe disability, the Appeals Council's failure to consider these was not a harmless error. (Report at 28-29.)  Therefore, "remand is required." (Report at 29 (citing *Davis v. Saul*, 2020 WL 2094096, at *13 (S.D.N.Y. May 1, 2020).)

For the foregoing reasons, Magistrate Judge Moses' Report and Recommendation is ADOPTED IN FULL.  The Commissioner's motion for judgment on the pleadings is DENIED. Plaintiff's motion seeking the same is GRANTED.  The case is remanded to the ALJ for further proceedings in accordance with this Order and the Report.  The Clerk of Court is directed to terminate the motions, (ECF Nos. 19 and 31).

Dated: New York, New York
September 19, 2022

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

3