UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

JECCA JECCA,

                        Plaintiff,

      -against-

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

------------------------------------x

MEMORANDUM DECISION
AND ORDER

20 Civ. 5598 (GBD) (BCM)

GEORGE B. DANIELS, United States District Judge:

Plaintiff's counsel Robert C. Buckley moves for an award of $13,732.30 in attorney's fees under 42 U.S.C. § 406(b), pursuant to a contingency fee agreement. (Mot. for Att'y's Fees ("Mot."), ECF No. 39, ¶¶ 6, 9.)

On September 19, 2022, this Court remanded this case to the Commissioner for further proceedings.[1] (Mem. Decision & Order, ECF No. 34, at 3.) Following remand, the parties stipulated that Defendant would pay Plaintiff $5,152.50 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, as a result of Plaintiff's successful appeal to this Court. (Stip. & Order, ECF No. 37.)

After receiving a "fully favorable decision" below (Mot. ¶ 1), on August 10, 2023, the Social Security Administration ("SSA") sent Plaintiff a Notice of Award letter ("NOA"). (*Id.* ¶ 2; *see also* NOA, ECF No. 39-1.) While the NOA did not include "a retroactive award calculation or mention a legal fee set-aside" (Mot. ¶ 3), a separate memorandum to the Regional Chief

---

[1] For a more fulsome background of the earlier proceedings in this action, see R. & R., ECF No. 43, at 2–4.

Administrative Law Judge indicates that the Commissioner "set aside $18,884.48 to pay legal fees in this matter." (*Id.* ¶ 4; *see also* Mem., ECF No. 39-2.)

On August 14, 2023, Attorney Buckley brought the instant motion, seeking a "net" amount of $13,732.30, "represent[ing] the total amount [that the D]efendant has set-aside to pay representative fees -- $18,884.48 -- minus $5152.50 in EAJA fees" he already received. (Mot. ¶ 6.) The Commissioner neither supports nor opposes the motion, but correctly notes that the difference between $18,884.48 and $5,152.50 is $13,731.98, not $13,732.30. (Resp. to Pl.'s 406(b) Fee Pet. ("Resp."), ECF No. 42, at 1 n.1.)

Before this Court is Magistrate Judge Barbara Moses's December 26, 2023 Report and Recommendation (the "Report"), recommending that Attorney Buckley be awarded the sum of $18,884.48 in attorney's fees and directing him, in turn, to refund the previously awarded EAJA fees of $5,152.50 to Plaintiff. (Report, ECF No. 43, at 8–9.) No party filed objections. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. LEGAL STANDARDS

### A. Reports and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*,

No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

### B. Attorney's Fees in Social Security Actions

Under the Social Security Act, when a court renders a favorable judgment to a claimant who was represented by counsel, the court may determine and allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

The Second Circuit has held that a district court should generally enforce a contingency fee agreement if it finds that it is reasonable. *See Wells v. Sullivan*, 907 F.2d 367, 369–70 (2d Cir. 1990) (finding that § 406(b) sets an "upper limit" of 25% of a claimant's past-due benefits in determining the reasonableness of a contingency fee agreement). To determine the reasonableness of a contingency fee, a court should determine (1) whether the fee exceeds the 25% maximum; (2) whether there was "fraud or overreaching" in making the contingency fee agreement; and (3) whether the size of the requested award constitutes a "windfall" to the attorney. *See id.* at 372.

In *Fields v. Kijakazi*, the Second Circuit set forth four factors to assess whether a requested amount would be a windfall to an attorney:

> (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do";
> (2) "the nature and length of the professional relationship with the claimant— including any representation at the agency level";
> (3) "the satisfaction of the disabled claimant"; and
> (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."

24 F.4th 845, 854–55 (2d Cir. 2022).

3

## II.     THE REPORT CORRECTLY CALCULATED A REASONABLE ATTORNEY'S FEE

### A. Netting

The attorney requests that this Court award him a net fee of $13,732.30,[2] the result of subtracting the EAJA fees he received from the amount the Commissioner has set aside. (Mot. ¶ 6.) Attorney's fees under § 406(b) "are paid by the litigant to the attorney from the past due benefits awarded," whereas EAJA fees "are paid by the government to the litigant to defray the cost of legal services" and originate from "general funds rather than from monies set aside from the litigant's own award." (Report at 5 (quoting *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir. 1988)).) While fee awards may be made under both EAJA and § 406(b), *the attorney* must refund the smaller fee to the claimant. *Janes v. Berryhill*, 498 F. Supp. 3d 540, 542 (S.D.N.Y. 2020); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Thus, courts generally disfavor net awards, as such awards effectively make the Commissioner—rather than the attorney—refund the smaller fee to the claimant. *See Johnson v. Kijakazi*, No. 20 Civ. 2630 (BCM), 2022 WL 17718336, at *6 (S.D.N.Y. Dec. 15, 2022). This Court agrees with Magistrate Judge Moses's recommendation that the attorney should refund the smaller fee to the client, rather than the Court approve a "net" award as requested by Plaintiff's attorney. (*See* Report at 5.)

### B. Reasonableness of Attorney's Fee

Having declined to "net" the amount owed, in evaluating the reasonableness of the attorney's fee, this Court will analyze the entire $18,884.48 set aside by the Commissioner. Magistrate Judge Moses did not err in her determination that a fee award of $18,884.48 is reasonable. The $18,884.48 amount represents 25% of Plaintiff's award and is consistent with the

---

[2] Both Magistrate Judge Moses and the Commissioner correctly note that the difference between the $18,884.48 set-aside and the $5,152.50 EAJA fee is $13,731.98. (Report at 4; Resp. at 1 n.1.)

4

retainer agreement. (Report at 1, 3–4, 6; *see also* Retainer Agreement, ECF No. 39-3.) Moreover, the Report correctly noted that there was no evidence that the retainer agreement was the result of fraud or overreach. (Report at 6.)

Nor does $18,884.48 represent a "windfall." As the Report correctly found, the hours expended were "effective and efficient" given the nature of the services provided and the successful result obtained on remand. (*Id.* at 7.) Both the nature and length of the professional relationship and Plaintiff's satisfaction do not support any reduction in the fee award. (*Id.*) Finally, Magistrate Judge Moses rightly noted that, given the nature of contingency cases and the attorney's relatively late retainment, the outcome of this case was uncertain. (*Id.* at 8.) This Court therefore ADOPTS Magistrate Judge Moses's finding that $18,884.48 is a reasonable § 406(b) fee and authorizes the Commissioner to award that amount.

### III. CONCLUSION

Magistrate Judge Moses's Report is ADOPTED in full. The motion for an award of attorney's fees under § 406(b) (ECF No. 39) is GRANTED. The Commissioner is authorized to pay $18,884.48 in § 406(b) fees. Upon receipt of this sum, the attorney is directed to refund the previously awarded EAJA fees in the amount of $5,152.50 to Plaintiff.

The Clerk of the Court is directed to close the motion accordingly.

Dated: New York, New York
      April 2, 2024

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge